UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA NICHOL,

    Petitioner,

v.

MILLICENT WARREN,

    Respondent.

Case No. 13-11246
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS [1], DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Laura Nichol has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1.) Nichol was convicted of assault and battery and armed robbery after a jury trial in Wayne County Circuit Court. Mich. Comp. Laws §§ 750.81; 750.529. As a result, she is serving a sentence of 5-to-20 years imprisonment. The Petition raises a single claim: there was insufficient evidence presented at trial to sustain the armed robbery conviction. The Court will deny the Petition because the claim is without merit. The Court will also deny Petitioner a certificate of appealability and grant permission to proceed on appeal *in forma pauperis*.

**I. BACKGROUND**

The victim, Rolando Terry, testified that on April 17, 2010, he was standing on a street corner with some friends when Robert McCowan and Rache Lee, approached him. (Trial Tr. of October 6, 2010, at 23–26.) Lee accused Terry of beating up his nephew. (*Id.* at 86). Apparently Terry, who was then 14 years old, had fought Robert McCowan, Jr. in the school bathroom a few months earlier. (*Id.* at 27, 58.)

Lee and McCowan left the area and returned in a truck about ten minutes later, accompanied by Nichol. (*Id.* at 86.) Lee emerged from the vehicle with a metal baseball bat and the group approached Terry again. (*Id.*) After coming up to Terry, Nichol started swinging her fists at Terry and hit him in the face, telling him he had "jumped" her son. (*Id.* at 41–43.) As Terry punched back, Nichol pulled his $1,100 diamond earrings out of his ears. (*Id.* at 42–43.) As Nichol continued to hit Terry, Lee went through his pockets and removed money, an iPod, and a cell phone. (*Id.* at 45, 55.) Meanwhile, McCowan stood on the truck and flashed a gun, which he was carrying in his waistband. (*Id.* at 40–41.) Terry testified that the gun he saw looked like a revolver that the state offered as an exhibit during trial. (*Id.*) Lee, having taken Terry's money, stated "we have money for trees tonight." (*Id.*) Nichol, McCowan, and Lee then left in the truck and Terry and his friends ran home. (*Id.* at 47–48.)

Terry told his mother what had happened and the two drove around the neighborhood until they found Nichol in the truck. After writing down the license plate number, they returned home and called the police. Nichol was arrested and made a statement to the arresting officer. (*Id.* at 215.) She admitted that she approached a boy on the street and stated, "if you're going to have a problem with my step-son you're gonna have a problem with me. Then we got into a fight. I tore his white t-shirt." (*Id.* at 215–16.) She said that she saw one of her co-defendants taking things from the boy's pockets but denied ever seeing a gun, nor did she mention the diamond earrings. (*Id.* at 216.)

After Nichol's conviction, she raised a sufficiency-of-the-evidence challenge with respect to the armed robbery count in her appeal of right. The Michigan Court of Appeals affirmed the conviction. *People v. Nichol*, No. 302400, 2012 WL 1939797 (Mich. Ct. App. May 29, 2012). The Michigan Supreme Court denied leave to appeal on October 22, 2012. *People v. Nichol*, 821

N.W.2d 552 (2012) (table). Nichol filed her Petition in this Court on March 18, 2013. (Dkt. 1.) She seeks relief on the same grounds raised in her state court appeals—that she was denied due process of law as guaranteed by the Fifth Amendment of the United States Constitution when she was convicted of armed robbery because there was insufficient evidence to sustain the conviction. She does not challenge her conviction for assault and battery. (Pet. at PageID 16.)

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this case, "circumscribe[s]" the standard of review that federal courts apply when considering an application for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Under the statute, a federal court may not grant habeas relief to a state prisoner with respect to any claim that has been "adjudicated on the merits in State court proceedings" unless the state-court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Michigan Court of Appeals' decision on direct appeal was the last explained decision from the state courts "on the merits" of Nichol's habeas corpus claims. Accordingly, the Court reviews that decision under the deferential standard of § 2554(d). *See Davis v. Rapelje*, 33 F. Supp. 3d 849, 855–59 (E.D. Mich. 2014).

## III. ANALYSIS

"The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). But the critical inquiry on review of the

sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 318–19 (internal citation and footnote omitted).

A federal court may grant habeas relief on a sufficiency-of-the-evidence challenge only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012). The *Jackson* standard "is so demanding that '[a] defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle.'" *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

The elements of armed robbery are: (1) an assault; (2) a felonious taking of property from the victim's presence or person; (3) while the defendant is armed with a weapon. *O'Guin v. Foltz*, 715 F.2d 397, 400 (6th Cir. 1983); *People v. Martin*, 721 N.W.2d 815 (Mich. Ct. App. 2006). A person who aids and abets the crime can be convicted as though he had committed the

4

crime himself. *People v. Moore*, 679 N.W.2d 41 (Mich. S. Ct. 2004). To prove aiding and abetting, the prosecution must show the following elements:

> (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or knew that the principal intended to commit the crime at the time he gave aid and encouragement.

*Riley v. Berghuis*, 481 F.3d 315, 322 (6th Cir. 2007) (citing *People v. Carines*, 597 N.W.2d 130, 135 (1999)).

The Michigan Court of Appeals found that there was sufficient evidence to convict Nichol as an aider and abettor of armed robbery:

> Our review of the evidence leads us to conclude that the testimony elicited during trial demonstrated that Nichol attacked Rolando, punching and striking him, which led to Rolando falling to the ground. While on the ground, Lee went through Rolando's pockets. Rolando and Raymond testified that Lee took money and a cellular telephone from Rolando's pockets. Rolando testified that Lee also took his iPod. Meanwhile, McCowan threatened Rolando and brandished a weapon. Nichol then removed Rolando's diamond earrings from his ears. Nichol concedes that she attacked Rolando but denies that she took Rolando's earrings or saw a gun during the incident. Nichol argues that there is insufficient evidence because Rolando and Raymond fabricated the robbery and Rolando's allegation that Nichol forcibly removed the diamond earrings from his ears is "simply incredible." Essentially, Nichol is asking this Court to review the decisions of the jury regarding the credibility and the weight of the evidence and it is well-established that, "[t]his Court will not interfere with the jury's role of determining the weight of the evidence or deciding the credibility of the witnesses." *People v. Fletcher*, 260 Mich.App. 531, 561; 679 N.W.2d 127 (2004). While there may have been deficiencies in Rolando's testimony and inconsistencies in his recollection of the incident, "the jury was free to conclude that [Rolando] was nonetheless a credible witness." *Id*. Further, there was sufficient circumstantial evidence for a reasonable jury to conclude that Rolando's earrings were stolen, including testimony that his ears were red after the incident and testimony that Rolando had been previously seen wearing the earrings but not after the incident occurred. Ultimately, the jury weighed the evidence and determined that Nichol participated and furthered the commission of the armed robbery. Accordingly, the prosecution provided sufficient evidence to prove beyond a reasonable doubt that Nichol committed armed robbery.

> Nichol also argues that she could not aid or encourage Lee to rob Rolando because her attention was "locked on punching" Rolando. However, Nichol admitted to the police that she witnessed Lee "going through the boy's pockets" and a reasonable jury could infer that Nichol was well aware of the actions taken by not only Lee, but also McCowan when he threatened Rolando and brandished the weapon and therefore, she continued to assist during the commission of the armed robbery by attacking Rolando.

*Nichol*, 2012 WL 1939797, at *6–7.

The Court finds that this was a reasonable application of the *Jackson* standard. Terry's testimony established the basic timeline of events leading to the fight and identified Nichol as the person who took his diamond earrings while one of her co-defendants brandished a gun and the other a baseball bat. He also stated that McCowan told him he would shoot if Terry did anything to Nichol. Another witness testified that Terry was seen wearing the earrings prior to the attack, and after the attack, his earrings were gone and his ears were red. (Trial Tr. of October 12, 2011 at 59.) While Nichol challenges Terry's credibility, "It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992)). Witness credibility assessments are therefore generally beyond the scope of federal habeas review. *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000).

The Court concludes that the grounds stated in the Petition are not sufficient to grant habeas relief. Accordingly, the Petition will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Petition for Writ of Habeas Corpus. Further, the Court believes that no reasonable jurist would argue that Nichol's claims have merit, so a certificate of appealability will not issue from this Court. *See Slack v. McDaniel*, 529 U.S.

6

473, 483–84 (2000). But if Nichol nonetheless chooses to appeal, the appeal would not be in bad faith; so she may proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3).

    Accordingly, it is ORDERED that the petition for writ of habeas corpus is DENIED.

    It is further ORDERED that a Certificate of Appealability is DENIED.

    It is further ORDERED that Petitioner may proceed *in forma pauperis* on appeal.

    SO ORDERED.

                             s/Laurie J. Michelson
                             LAURIE J. MICHELSON
                             UNITED STATES DISTRICT JUDGE

Dated:  March 14, 2016


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 14, 2016.

                             s/Jane Johnson
                             Case Manager to
                             Honorable Laurie J. Michelson